UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD | ) | |
| | ) | |
| Petitioner | ) | No. 24-1279 |
| v. | ) | |
| | ) | Board Case No. |
| GOVERNED UNITED SECURITY PROFESSIONALS | ) | 05-CB-299530 |
| | ) | |
| Respondent | ) | |

## JUDGMENT ENFORCING AN ORDER OF THE
## NATIONAL LABOR RELATIONS BOARD

Before: Katsas, Childs, and Garcia, Circuit Judges

THIS CAUSE was submitted upon the application of the National Labor Relations Board for entry of a judgment against Governed United Security Professionals, its officers, agents, successors, and assigns, enforcing its Order dated June 11, 2024, in Case No. 05-CB-299530, reported at 373 NLRB No. 66. The National Labor Relations Board having moved for entry of a default judgment enforcing its Order against Governed United Security Professionals, and the Court having considered the same, it is hereby

ORDERED AND ADJUDGED by the Court that the said Order of the National Labor Relations Board is hereby enforced and that Governed United Security Professionals, its officers, agents, successors, and assigns, shall abide by and perform the directions of the Board as set forth in its Order. (See attached Order and Appendix).

_____
Judge, United States Court of Appeals
For the District of Columbia Circuit

_____
Judge, United States Court of Appeals
For the District of Columbia Circuit

_____
Judge, United States Court of Appeals
For the District of Columbia Circuit

NATIONAL LABOR RELATIONS BOARD

v.

GOVERNED UNITED SECURITY PROFESSIONALS

**ORDER**

Governed United Security Professionals, its officers, agents, and representatives, shall

1. Cease and desist from

   (a) Failing and refusing to honor employees' requests to revoke their dues-checkoff authorizations after the certification of results of an affirmative deauthorization vote.

   (b) In any like or related manner restraining or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

   (a) To the extent it has not already done so, honor the requests of Sheldon N. Fraser and any other similarly situated employees who notified the Respondent, on or after January 18, 2022, to revoke their dues-checkoff authorizations.

   (b) Reimburse Sheldon N. Fraser and any other similarly situated employees who attempted to revoke their dues-checkoff authorizations, on or after January 18, 2022, for the dues or fees deducted from their wages and remitted to the Respondent since January 18, 2022, less any amounts already directly refunded to the employees, with interest in the manner set forth in the remedy section of the judge's decision as amended in this decision.

   (c) Preserve and, within 14 days of a request, or such additional time as the Regional Director may allow for good cause shown, provide at a reasonable place designated by the Board or its agents, all payroll records, social security payment records, timecards, personnel records and reports, and all other records, including an electronic copy of such records if stored

in electronic form, necessary to determine the reimbursements due under the terms of this Order.

(d) Post at its Baltimore, Maryland facility copies of the attached notice marked "Appendix."[1] Copies of the notice, on forms provided by the Regional Director for Region 5, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees and members are customarily posted. Further, if the Respondent maintains bulletin boards at the Federal Communications Commission Headquarters located at 45 L Street NE, Washington, DC, the Respondent also shall post the attached notice on each such bulletin board during the posting period. In addition to physical posting of paper notices, notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its members by such means. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.

(e) Within 14 days after service by the Region, deliver to the Regional Director for Region 5 signed copies of the notice in sufficient number for posting by the Employer at its offices at the Federal Communications

---

[1] If the facility involved in these proceedings is open and accessible by a substantial complement of employees and members, the notice must be posted within 14 days after service by the Region. If the facility involved in these proceedings is closed or not accessible by a substantial complement of employees and members due to the Coronavirus Disease 2019 (COVID-19) pandemic, the notice must be posted within 14 days after the facility reopens and is accessible to a substantial complement of employees and members. If, while closed or not accessible by a substantial complement of employees and members due to the pandemic, the Respondent is communicating with employees and members by electronic means, the notice must also be posted by such electronic means within 14 days after service by the Region. If the notice to be physically posted was posted electronically more than 60 days before physical posting of the notice, the notice shall state at the bottom that "This notice is the same notice previously [sent or posted] electronically on [date]."

2

Commission Headquarters, if it wishes, in all places where notices to employees are customarily posted.

(f) Within 21 days after service by the Region, file with the Regional Director for Region 5 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

APPENDIX

**NOTICE TO EMPLOYEES AND MEMBERS**

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

An Agency of the United States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

    FEDERAL LAW GIVES YOU THE RIGHT TO
    Form, join, or assist a union
    Choose representatives to bargain with us on your behalf
    Act together with other employees for your benefit and protection
    Choose not to engage in any of these protected activities.

WE WILL NOT fail and refuse to honor your request to revoke your dues-checkoff authorization after the certification of results of an affirmative deauthorization vote.

WE WILL NOT in any like or related manner restrain or coerce you in the exercise of the rights listed above.

WE WILL honor the requests of Sheldon N. Fraser and anyone else who notified us, on or after January 18, 2022, to revoke their dues-checkoff authorizations.

WE WILL reimburse, with interest, Sheldon N. Fraser and anyone else who attempted to revoke their dues-checkoff authorizations, on or after January 18, 2022, for the dues or fees deducted from their wages and remitted to us since January 18, 2022, less any amounts that we have already refunded them directly.

GOVERNED UNITED SECURITY PROFESSIONALS

The Board's decision can be found at https://www.nlrb.gov/case/05-CB-299530 or by using the QR code below. Alternatively, you can obtain a copy of the decision from the Executive Secretary, National Labor Relations Board, 1015 Half Street, S.E., Washington, D.C. 20570, or by calling (202) 273–1940.

